### WHEELWRIGHT v. WALSH.[1]

*(District Court, S. D. New York. May 22, 1890.)*

SHIPPING—CHARTER-PARTY—SUBSTITUTION—EVIDENCE.

Libelant chartered a vessel to bring a cargo of lumber from Fernandina. When the vessel arrived at Fernandina, it was agreed between the parties by a further arrangement, not in writing, that she should take a different cargo to Philadelphia, which she accordingly did. Respondent contended that the Philadelphia voyage was a substitute for the voyage named in the charter; libelant claimed that it was an agreement for an independent voyage, to be made before executing the written charter. *Held*, that the burden of proof rests on the party that alleges the substitution; and, where the evidence on that point is evenly balanced, the written charter must prevail.

In Admiralty.
*Owen, Gray & Sturges*, for libelant.
*Carpenter & Mosher*, for respondent.

BROWN, J. The charter, for the breach of which the above libel is filed, provided that the Caroline Miller should bring a cargo of lumber from Fernandina at a fixed rate. The libelants, who are the charterers, had employed the vessel on her two previous trips. When the vessel arrived at Fernandina, it was agreed between the parties by a further arrangement, not in writing, that she should take a cargo of railroad ties to Philadelphia, which she accordingly did. The respondent contends that this was a substitute for the agreement to take a cargo of lumber. The libelants contend that it was an agreement for an independent trip,

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

to be made before executing the written charter for carrying the lumber. Their witnesses testify that in the negotiation for the cargo of railroad ties it was explicitly provided that that trip should not affect the charter for the cargo of lumber. The witness for the respondent denies that there was any such condition, and asserts that it was understood to be a substitute for the charter.

In the details of the testimony there are doubtless to be found some circumstances tending to corroborate each. On the one hand, all the prior charters of the ship between the same parties had been in writing. On the other hand, as the agreement for the transportation of the ties was not made until about the time of the arrival of the vessel at Fernandina, and as she was to enter immediately upon the performance of that contract by loading at Fernandina, and was so ordered, there was not the same need of a written contract as in the other cases providing for a future voyage. The libelants, moreover, were under a definite contract with other parties to transport the lumber by a given date; so that it is scarcely probable that they would intend to abandon the existing charter of the vessel for carrying the lumber by substituting ties, and leave the transportation of lumber in fulfillment of their contract wholly unprovided for. The particular time when the lumber was to be transported was not stated in the charter; so that the transportation of the ties first, did not require any modification of the written charter as to the lumber. The written charter was an agreement to carry a particular cargo. Confessedly, that specific cargo has not been carried. The burden of proof to show that something different from what was agreed on in writing has been done and accepted as a substitute for it rests on the party that alleges the substitute. Upon evidence so evenly balanced, and looking also at the various circumstances, I do not think the respondent has made out the substitution by any preponderance of proof; and the written charter, as it stands, must therefore prevail. The respondent, having refused to send a vessel to take the lumber as required by the libelant under the written charter, must therefore be held bound to pay the difference in freight, for which amount, with interest, the libelants are entitled to a decree.